UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOU SAECHAO,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN DENTAL SERVICES, INC.,<br><br>    Defendant. | Case No. 24-cv-01681-BLF (VKD)<br><br>**ORDER RE JULY 7, 2025 DISCOVERY DISPUTE RE DEFENDANT'S DOCUMENT PRODUCTION**<br><br>Re: Dkt. No. 41 |

Plaintiff Sou Saechao and defendant Western Dental Services, Inc. ("Western Dental") ask the Court to resolve their dispute regarding Western Dental's document production. Dkt. No. 41. The Court deems this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court orders Western Dental to produce additional documents responsive to RFPs 1, 3(e), 5, 8, and 10, and to confer further with Mr. Saechao regarding complaints by others responsive to RFP 3. In addition, the Court will permit Mr. Saechao to take a further, limited Rule 30(b)(6) deposition of Western Dental after Western Dental complies with this order to produce documents and before the close of fact discovery.

**I.   BACKGROUND**

Mr. Saechao, who is deaf, alleges that Western Dental failed to provide American Sign Language ("ASL") interpreters to ensure effective communication with him during his dental appointments, in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 et seq., section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116, and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*. Dkt. No. 1. Western Dental denies Mr.

Saechao's allegations. Dkt. No. 14.

Mr. Saechao contends that Western Dental failed to timely produce documents responsive to several of his document requests and/or falsely represented that responsive documents did not exist. Dkt. No. 41 at 2-6. Mr. Saechao complains that Western Dental's failure to timely produce all responsive documents has interfered with his ability to prepare his case. *Id.* at 2. The document requests at issue are:

> **RFP 1**: Regardless of time period, any and all documents or correspondence relating in any way to Sou Saechao, including but not limited to any communications with him.
>
> **RFP 3(a), 3(e)**: For the time period since January 1, 2010, any and all documents or correspondence relating in any way to the provision of auxiliary aids and services for individuals who are deaf or hard of hearing, including but not limited to sign language interpreters. This document request includes but is not limited to: (a) Any and all documents or correspondence regarding Defendant's policies and procedures with respect to the provision of auxiliary aids and services for individuals who are deaf or hard of hearing, including but not limited to sign language interpreters. . . . (e) Any and all documents or correspondence with Language Link, Sonrava, or any other entity or individual regarding the provision of auxiliary aids and services for individuals who are deaf or hard of hearing, including but not limited to sign language interpreters.
>
> **RFP 5**: Any and all documents relating in any way to any training done of Western Dental employees or contractors regarding the provision of auxiliary aids and services for individuals who are deaf or hard of hearing, including but not limited to sign language interpreters, including but not limited to training schedules, training agenda, training materials, and any correspondence about such training.
>
> **RFP 8**: Any and all documents related in any way to any funding received (either directly or through another entity such as Medi-Cal) that originated with the federal government, including but not limited to any federal grants, subsidies, loans.
>
> **RFP 10**: Any and all assurances of compliance regarding section 504 of the Rehabilitation Act or section 1557 of the Patient Protection and Affordable Care Act.

Dkt. No. 41-1 at ECF 4, 5-6, 8, 10, 62.

Western Dental objects that several of these document requests are overly broad or

1    otherwise seek documents that are not relevant to any claim or defense.  Otherwise, Western
2    Dental responds that it has produced all relevant and responsive documents that it has been able to
3    locate after a diligent search.  Dkt. No. 41 at 7-9.

**II.    DISCUSSION**

A party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

The Court addresses the document requests at issue, following the parties' organization.

**A.    RFP 1:  Documents relating to Mr. Saechao**

With respect to RFP 1, Mr. Saechao says that Western Dental has made only a limited production of email and text messages regarding his appointments, but that he has recently learned from Western Dental's Rule 30(b)(6) deposition testimony that it maintains other sources of documents and information relating to him that have not been searched and from which responsive documents have not been produced, including:  (1) appointment book records showing appointments he purportedly missed; (2) other records, including screenshots, reflecting office schedules and his scheduled appointments; (3) "audit trail" and "keystroke" information showing which Western Dental employee created an appointment for him; and (4) metadata reflecting when and by whom these other responsive documents were created and/or modified.  Dkt. No. 41 at 3.

Western Dental does not object that RFP 1 seeks documents that are not relevant to the action.  Instead, it says that it has produced 23 emails sent to Mr. Saechao's email address in 2023 and 2025, as well as 16 text messages sent to his phone number in 2023 and 2025.  *Id.* at 7.  Western Dental does not respond at all to Mr. Saechao's arguments concerning the other records relating to him that he says have not been produced, nor does it respond to Mr. Saechao's arguments regarding Western Dental's failure to produce relevant metadata.

3

1 Western Dental has not complied with its obligations to produce all documents responsive
2 to RFP 1.  That request is not limited to communications with Mr. Saechao but encompasses all
3 documents "relating in any way" to him.  Such documents certainly include any records in
4 Western Dental's possession that reflect appointments scheduled, completed, or missed by Mr.
5 Saechao, such as Western Dental's electronic appointment book.  The excerpts of Western
6 Dental's Rule 30(b)(6) deposition attached to the parties' discovery dispute submission make it
7 very clear that these records exist and were not produced.  In addition, it appears that Western
8 Dental has not complied with Rule 34(b)(2)(E)[1] with respect to the production of electronically
9 stored information ("ESI").  That rule requires a responding party to "produce [the ESI] in a form
10 or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  While this
11 rule does not expressly require production of particular metadata, unless the parties have stipulated
12 otherwise, Western Dental must, at a minimum, produce any responsive electronic records in a
13 form that preserves standard metadata fields, such as, author, recipient, date, and file name.  *See*
14 *Nat'l Urb. League v. Ross*, No. 20-cv-05799-LHK, 2020 WL 7488068, at *2 (N.D. Cal. Dec. 13,
15 2020).

16 Mr. Saechao alleges that he first attempted to make an appointment with Western Dental in
17 October 2023.  *See* Dkt. No. 1 ¶ 15.  Accordingly, Western Dental must search for and produce all
18 non-privileged records "relating in any way" to Mr. Saechao during the period from October 2023
19 through June 2025, including specifically, but without limitation, the following records:  (1)
20 appointment book records showing appointments he purportedly missed; (2) other records,
21 including screenshots, reflecting office schedules and his scheduled appointments; (3) "audit trail"
22 and "keystroke" information showing which Western Dental employee created an appointment for
23 him; and (4) metadata reflecting when and by whom these other responsive documents were
24 created and/or modified.

---

[1] For reasons that are unclear, Western Dental's written responses to Mr. Saechao's document requests refer to California Code of Civil Procedure section 2030.210 *et seq.*  *See* Dkt. No. 41-1 at ECF 2, 60.  As this action is in federal court, the Federal Rules of Civil Procedures apply; state court rules of procedure regarding discovery do not apply.

4

**B.     RFP 5: Training materials**

With respect to RFP 5, Mr. Saechao contends that Western Dental has produced no relevant training videos and no records reflecting whether or not the employees who scheduled Mr. Saechao's appointment received training in ADA compliance generally or language assistance specifically. Dkt. No. 41 at 4. Western Dental responds only, and without any elaboration, that it has "produced all the relevant training records it can locate in its possession." *Id.* at 7.

Western Dental's response is insufficient and unpersuasive. On May 8, 2025, Western Dental's Rule 30(b)(6) witness testified that Western Dental provides "recorded instructor-led training" using a third-party vendor regarding the company's "language assistance program" and "interpretation services for the patients." Dkt. No. 41-1, Ex. B (Romano dep. 105:1-106:13). The witness further testified that Western Dental employees are required to participate in the training on "an annual basis at minimum," and that employee-specific records exist reflecting whether an employee has or has not completed the required training. *Id.* (Romano dep. 105:7-12, 107:17-108:7, 141:8-144:19). Western Dental has not produced the relevant training videos available for viewing by the Western Dental employees in the San Jose office Mr. Saechao visited, nor has it produced any records reflecting whether those employees actually completed the required training.

Accordingly, Western Dental must search for and produce all non-privileged documents responsive to RFP 5 for at least the period of time from January 1, 2022 through June 30, 2025, including specifically: (1) the recorded training videos to which Ms. Romano referred in her Rule 30(b)(6) deposition testimony, cited above; and (2) all logs or other records reflecting whether and when the employees who worked in the San Jose office Mr. Saechao visited completed training regarding "the provision of auxiliary aids and services for individuals who are deaf or hard of hearing." The employee-specific records must include records for the individuals with employee numbers 72254 and 78460.

**C.     RFP 3(e): Documents relating to provision of interpreters**

With respect to RFP 3(e), Mr. Saechao asks Western Dental to produce "all documents or correspondence . . . regarding the provision of auxiliary aids and services for individuals who are deaf or hard of hearing, including but not limited to sign language interpreters." Mr. Saechao

1    contends that Western Dental has not produced responsive information specific to the San Jose

2    office Mr. Saechao visited, and that it has failed to produce its contracts with the vendors it

3    engaged to provide interpretation services to hearing-impaired patients.  Dkt. No. 41 at 3.

4       Western Dental responds that it has already produced its contract with one vendor,

5    Language Link, and has asked another vendor, Partners-in-Communication, to provide a copy of

6    the contract, which Western Dental says it is unable to locate.  *Id.* at 7-8.  With respect to Mr.

7    Saechao's request for office-specific information regarding the provision of interpreters, Western

8    Dental asserts that it is unable to locate any such information.  *Id.* at 7.

9       With respect to the vendor contracts, there appears to be little in dispute.  Western Dental

10   must produce all responsive contracts in its possession, custody, or control, and it indicates that it

11   has taken steps to do so.  With respect to office-specific information regarding the provision of

12   interpreters, Western Dental's position is ambiguous.  While it asserts that it is unable to locate

13   any such information, Western Dental's Rule 30(b)(6) witness testified that this information may

14   be available based on information that Western Dental could request from its contracted vendor,

15   Language Link.  In particular, Ms. Romano testified about an April 18, 2024 report from

16   Language Link showing "a list of completed VRI, video remote interpreting jobs, . . . completed

17   between June 1st, [20]23 and December 31st, [20]23 using the ASL language."  Dkt. No. 41-1,

18   Ex. B (Romano dep. at 149:1-10).  In response to questioning about whether additional

19   information might be available, Ms. Romano testified as follows:

20-21
> Q.  So based on the fact that it [i.e. the report] says office number, do you think that it would be fairly easy for Western Dental to figure out which office each of these sessions was for?

22-24
> A.  If Language Link can provide the log in that was used for the job ID, we could link, for better lack of word, correspond the login e-mail to which office that e-mail was assigned to, therein identifying the office for each of these jobs.

25   *Id.* (Romano dep. at 152:19-153:6).  Western Dental does not say whether it made the inquiry of

26   Language Link that Ms. Romano suggested, or whether it attempted to link the login email for the

27   job ID with the office that requested the job.  Notably, Western Dental does *not* contend that the

28   information in question is not in its "possession, custody or control."

6

The concepts of "possession," "custody," and "control" are well-established in the Ninth Circuit. *See, e.g.*, *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*, No. 22-md-03047-YGR (PHK), 2024 WL 4125618, at *3 (N.D. Cal. Sept. 6, 2024) (discussing authority); *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO (TSH), 2020 WL 820327, at *8-*10 (N.D. Cal. Feb. 19, 2020) (same). To the extent Western Dental contends that it does not presently have responsive office-specific information in its *possession*, those records nevertheless may be within its *control*, by virtue of its contractual relationship with Language Link and any other relevant vendors. *See In re Citric Acid Litig.,* 191 F.3d 1090, 1107 (9th Cir. 1999) (control is the "legal right to obtain documents upon demand"). The parties have not provided sufficient information about Western Dental's contract rights for purposes of assessing "control" here, but Ms. Romano's testimony strongly suggests that if Western Dental asked Language Link for additional information relating to the job ID, Language Link would provide it. If that is so, Western Dental is on shaky ground in claiming, without further explanation, that it is "unable to locate" documents reflecting office-specific information.

Accordingly, Western Dental must produce all contracts with any vendor it has engaged to provide "auxiliary aids and services for individuals who are deaf or hard of hearing, including but not limited to sign language interpreters," and must also produce all records reflecting the provision of such services at the San Jose office Mr. Saechao visited. Western Dental may not resist production on the ground that it must ask its contracted vendor for information in order to complete its responsive document production. Unless the parties have agreed otherwise, the relevant period for documents responsive to RFP 3(e) is January 1, 2020 through June 30, 2025.

**D.     RFP 3(a):  Policies related to interpreters**

Mr. Saechao contends that Western Dental's production of policies responsive RFP 3(a) is incomplete because some pages of its policy relating to interpreters were not produced. Dkt. No. 41 at 5 (citing Dkt. No. 41-1, Ex. B (Romano dep. 130:9-131:1)). Western Dental responds that "[t]he alleged missing pages from the training materials[2] which include the phone numbers of the

---

[2] The Court assumes that Western Dental means to refer to the policy titled "Interpretation Services for Hearing-Impaired Patients" instead of "training materials." *See* Dkt. No. 41 at 8:7-

7

insurance carriers have been produced on multiple occasions." *Id.* at 8. Although the parties are required to confer about their dispute before submitting it to the Court for resolution, Mr. Saechao neither acknowledges nor responds to Western Dental's representation that it has already produced the "missing pages" of the policy.

Because Mr. Saechao has not established that Western Dental has failed to produce a responsive policy, or portion thereof, the Court denies his request for an order directed to Western Dental regarding RFP 3(a).

### E. RFP 8, 10: Documents reflecting Western Dental's receipt of federal funds

The parties do not dispute that Mr. Saechao must establish that Western Dental receives federal financial assistance to prevail on his Rehabilitation Act and ACA claims. *See, e.g., Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997) (summarizing elements of Rehabilitation Act claim); *Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 871-72 (9th Cir. 2022) (summarizing elements of ACA claim). Thus, evidence showing whether Western Dental receives such federal financial assistance is relevant to Mr. Saechao's claims.

Western Dental points to its representation that it "bills Medicaid" for services rendered and argues that this is a sufficient response to Mr. Saechao's document requests. Dkt. No. 41 at 8. This argument is both vague and evasive, and is not at all responsive to RFPs 8 and 10.

With respect to RFP 8, Western Dental must produce documents sufficient to show its receipt of federal financial assistance at any point during the period of time from January 1, 2020 through June 30, 2025. Alternatively, *at Mr. Saechao's election*, Mr. Saechao may serve a request for admission on Western Dental seeking its formal admission that it received federal financial assistance during the relevant period. If Western Dental admits that it received federal financial assistance in response to such a request, it need not produce documents responsive to RFP 8.

With respect to RFP 10, Western Dental must produce all assurances of compliance that it provided when it applied for federal financial assistance during the period of time from January 1,

---

11; *see also* Dkt. No. 41-1, Ex. B (Romano dep. 93:15-94:6).

8

1    2020 through June 30, 2025.

### F. RFP 3: Evidence of related complaints

Mr. Saechao asks Western Dental to produce documents relating to other complaints against Western Dental for failing to provide auxiliary aids and services for individuals who are deaf or hearing-impaired. Dkt. No. 41 at 6. He explains that in 2010, Western Dental entered into a settlement agreement in *Abueg v. Western Dental Services, Inc.*, No. 2:09-cv-09438-RGK-RNB (C.D. Cal.), resolving claims brought by another deaf patient. *Id.* Mr. Saechao contends that even after the *Abueg* settlement, Western Dental "routinely does not comply with its own policies and has been the subject of complaints relating to the failure to provide interpreters at multiple locations." *Id.* He argues that evidence of complaints continuing even after the *Abueg* settlement tends to show that Western Dental acted with deliberate indifference, given its knowledge of the problem and failure to take corrective action. *Id.*

Western Dental responds that, to the extent RFP 3 seeks documents dating back to 2010 and encompassing Western Dental offices in multiple locations across the country, it is excessively broad and unduly burdensome. *Id.* at 8-9. Western Dental claims to have conducted a diligent search for complaints relating to "similar" ADA compliance issues for the San Jose office Mr. Saechao visited, and reports that there are no other such complaints. *Id.* at 9.

While the Court agrees with Mr. Saechao that evidence of other complaints may be relevant for the purposes he identifies, Mr. Saechao offers an insufficient justification for both the geographic scope and period of time encompassed by his demand for all complaints against Western Dental for failing to provide auxiliary aids and services for individuals who are deaf or hearing-impaired, in any Western Dental location, since January 1, 2010. The Court denies Mr. Saechao's demand for discovery of this breadth. However, the Court orders the parties to confer regarding whether Western Dental maintains records of complaints that can be queried by date, location, and/or subject matter, in an effort to determine whether there is a more focused and less burdensome means to obtain information regarding the specific category of complaints that may be relevant to Mr. Saechao's claims.

### III. CONCLUSION

The Court orders Western Dental to complete its production of documents responsive to RFPs 1, 3(e), 5, 8[3], and 10, as directed in this order, no later than **August 6, 2025**. The parties shall file a joint status report no later than **August 8, 2025** advising the Court of the status of their efforts to determine whether there are reasonable and efficient means to obtain information about complaints by others against Western Dental for failing to provide auxiliary aids and services for individuals who are deaf or hearing-impaired. Western Dental need not take any additional action with respect to RFP 3(a), assuming it has already produced the missing pages of the policy in question.

At Mr. Saechao's request, Western Dental shall prepare and produce a Rule 30(b)(6) witness to testify regarding the documents and information responsive to RFPs 1, 3(e), 5, 8, and 10 that the Court has ordered Western Dental to produce and that it failed to produce before May 8, 2025. The deposition must not exceed two hours and must be completed before the close of fact discovery.

**IT IS SO ORDERED.**

Dated: July 16, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[3] Or respond to a suitable request for admission in lieu of producing documents, at Mr. Saechao's election.

10