UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOU SAECHAO,<br><br>  Plaintiff,<br><br>v.<br><br>WESTERN DENTAL SERVICES, INC.,<br><br>  Defendant. | Case No.  24-cv-01681-BLF (VKD)<br><br>**ORDER FOLLOWING SEPTEMBER 9, 2025 DISCOVERY HEARING** |

The Court held a hearing on September 9, 2025 to address the outstanding issues described in the parties' August 28, 2025 joint status report (Dkt. No. 49) regarding their efforts to comply with the Court's July 16 and August 15, 2025 orders (Dkt. Nos. 42, 47).  The disputes that remain concern defendant's document production in response to RFPs 1, 3(g), 8, and 10.  As to some of these RFPs, plaintiff asks the Court to sanction defendant by excluding evidence.

As discussed during the hearing, the Court orders as follows:

For RFP 1, defendant represented during the hearing that the spreadsheet labeled DEFWDS254 represents an export of electronically stored information associated with plaintiff's patient ID that is stored in a Microsoft Dynamics data source.  In addition to producing this spreadsheet, defendant represented that it has completed its production of screenshots and other documents that correspond to the information in the spreadsheet, as the Court ordered.  Plaintiff argues that the information and documents defendant has produced from the Microsoft Dynamics data source suggest that there is additional information responsive to RFP 1 regarding plaintiff's missed appointments that defendant still has not produced.  As the Court is unable to resolve this disagreement on the record presented, the Court orders as follows: plaintiff must identify for

1   defendant the kinds of information plaintiff believes has been omitted from defendant's production
2   from the Microsoft Dynamics data source; defendant must investigate further based on that
3   identification; and then the parties must confer in an effort to resolve what remains of this dispute.
4   As discussed during the hearing, the parties may also wish to consider, among other options,
5   whether an e-discovery vendor could be retained to export all records relating to plaintiff from
6   defendant's Microsoft Dynamics data source, so that the exported data may be reviewed by
7   plaintiff's counsel, or whether these records may be made available for inspection by plaintiff's
8   counsel in native format.

9         For RFP 3(g), based on the discussion at the hearing, the Court is persuaded that defendant
10  has performed a reasonable search of two databases (online complaints and phone complaints) for
11  responsive complaints/grievances, using the search terms identified in the Court's August 15,
12  2025 order.  Plaintiff argues that defendant should additionally be required to search all email
13  accounts for responsive complaints/grievances.  The Court questions whether such a search is
14  proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  The parties must confer further
15  on this point; however, the Court presently is not inclined to order defendant to undertake such an
16  expansive search.

17        For RFPs 8 and 10, based on the discussion at the hearing, the Court is persuaded that
18  defendant has produced documents sufficient to show the reimbursements defendant received
19  from Medicaid (Medi-Cal in California) for the relevant period.  Defendant represents that
20  Western Dental Services, Inc. has received no other funding from the federal government in the
21  form of grants, subsidies, or loans.  However, with respect to RFP 8, plaintiff argues that
22  defendant should be required to produce any contracts it has that permit it to receive payments that
23  originate with the federal government—such as contracts for receipt of Medicaid or Medicare
24  reimbursement—during the relevant period.  The Court agrees that plaintiff is entitled to the
25  production of these contract documents and orders defendant to produce them.  With respect to
26  RFP 10, defendant represents that it has identified no responsive "assurances of compliances,"
27  although it acknowledges that such assurances may be included in the contracts that it has not yet
28  produced.  Beyond requiring defendant to produce the contract documents responsive to RFP 8,

the Court orders no additional production with respect to RFP 10.

The parties' status report suggests that a protective order may be necessary to facilitate the production of documents that contain confidential information. As discussed at the hearing, the parties should promptly confer about the terms of such a protective order and file a proposed order for the Court's review and signature.

The parties shall file a further status report regarding their compliance with this order with respect to RFPs 1, 3(g), 8, and 10 by **September 23, 2025**. The parties also shall file a proposed protective order for the Court's review by **September 23, 2025**.

For the reasons stated on the record during the hearing, the Court denies plaintiff's request for sanctions in the form of an order excluding evidence at trial.

**IT IS SO ORDERED.**

Dated: September 11, 2025

Virginia K. DeMarchi
United States Magistrate Judge